STATE *v.* HADDOCK.

STATE v. ROBERT LEE HADDOCK.

(Filed 24 November, 1954.)

**Criminal Law § 62f—**

Where it appears that the court revoked probation under a suspended sentence in a particular case without a hearing with respect to any violation by defendant of the terms and conditions of that judgment, the cause must be remanded.

CERTIORARI to review the order of *Parker, J.,* in *habeas corpus* upon petition of Robert Lee Haddock, from PITT.

This cause is here upon a *writ of certiorari* issued by this Court under Rule 34 at the instance of Robert Lee Haddock, to review the judgment below dismissing the writ of *habeas corpus* and remanding petitioner to custody under a former judgment of the Superior Court.

The petitioner was tried at the August Term 1952 of Pitt Superior Court upon a warrant charging him with assault upon his wife, and was sentenced by the court, Honorable W. C. Harris, Judge Presiding, to eighteen months in jail. The judgment was suspended and he was placed on probation for a term of three years upon the usual conditions applicable to such cases.

At the September Term 1953 of the Superior Court of Pitt County, the petitioner entered a plea of guilty upon a warrant charging him with nonsupport, before his Honor J. Paul Frizzelle, Judge Presiding. He was sentenced by Judge Frizzelle to twelve months in jail. The sentence was suspended upon condition that the defendant pay into the office of the Clerk of the Superior Court the sum of $20.00 per week for the support of his wife and children.

The petitioner alleges in his petition for *writ of certiorari* that he complied with the judgment of Judge Frizzelle until such time as he returned to his home and resumed marital relations with his wife.

He further alleges that at the January Term 1954 of the Superior Court of Pitt County, he was brought into court by the probation officer to show cause why the order of probation entered at the August Term 1952, should not be revoked; that the Presiding Judge inquired of the defendant if he had any money, and, upon a negative response, the court told the defendant to go out and get $100.00 and have it in court by Wednesday of that term; thereupon, the defendant left the court to procure the said amount, and being unable to do so did not return before the adjournment of the court for that term, but did secure and give $25.00 to his wife, being all the money he could get.

Upon the failure of the petitioner to return to the court on Wednesday of said term, the court on Thursday, 21 January, 1954, without further hearing, entered an order to the effect that the defendant had violated the conditions of the probation judgment in that he had willfully failed to comply with the judgment imposed by Judge Frizzelle and revoked the order of probation contained in the judgment entered by Judge Harris at the August Term 1952, and directed that the eighteen months' sentence imposed in said judgment be put into effect.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Albion Dunn for petitioner.*

PER CURIAM. The record before us seems to justify the conclusion that no hearing was held in the court below with respect to any violation of the terms and conditions of the judgment entered at the August Term 1952 of the Superior Court of Pitt County, but that the inquiry was addressed to the petitioner's noncompliance with the judgment entered by Judge Frizzelle at the September Term 1953.

We have concluded that in view of the state of the record before us, the ends of justice require the setting aside of the order entered at the January Term 1954 of the Superior Court of Pitt County, and that this cause be remanded to the Superior Court of said county for such further orders as the facts may warrant, upon another hearing, and it is so ordered.

Remanded.